FILED
2014 Apr-07  AM 11:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **5:13-cr-0440-AKK-JHE** |
| | ) | |
| **JOSHUA LEON MARTIN** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Joshua Leon Martin moves *pro se*, insisting the court prove jurisdiction, doc. 25, for default judgment, doc. 31, and to dismiss, doc. 37. For the reasons stated below, the motions are **DENIED**.

### I. Background

This matter stems from an indictment returned against Martin on October 30, 2013 for possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Doc. 1. The indictment alleges the offense occurred in Cullman County, Alabama, in the Northeastern Division of the United States District Court for the Northern District of Alabama. *Id.* On November 14, 2013, Martin and court-appointed CJA counsel Rita Briles appeared before United States Magistrate Judge John England for Martin's arraignment. *See* Margin Order dated 11/14/2013. When Judge England called Martin's case, Martin entered a plea of not

1

guilty and waived reading of the indictment. *Id.* Thereafter, on January 7, 2014, although he was represented by counsel, Martin filed two *pro se* motions. Docs. 10 & 11. Consistent with the court's standard practice, by Text Order dated January 11, 2014, Judge England struck the motions because Martin filed them *pro se* without first obtaining leave of court. On January 27, 2014, Martin moved to substitute counsel, doc. 13, and on February 3, 2014, his counsel moved to withdraw, doc. 15. In light of the motions, Judge England granted counsel's motion to withdraw, and appointed the Federal Defender's office to represent Martin. *See* Margin Order dated 02/04/2014.

On February 24, 2014, Martin moved for leave to proceed *pro se*. Doc. 24. On March 5, 2014, Judge England attempted to conduct a hearing on the motion pursuant to *Faretta v. California*, 422 U.S. 806 (1975). When the court began to discuss the Sixth Amendment right to counsel, including the right to represent oneself, Martin made it clear he would not answer the court's questions until the court proved its jurisdiction to hear his case. Judge England made several more attempts to conduct a *Faretta* colloquy to no avail, and, on March 11, 2014, Judge England denied Martin's request to proceed *pro se*. Doc. 28.

On March 10, 2014, Martin filed *pro se* motions for the court to prove jurisdiction, doc. 25, and for his previous counsel's files and to proceed *pro se*, doc.

26.   This filing resulted in Judge England holding another hearing on March 18, 2014, to attempt again a *Faretta* colloquy.  However, Martin again refused to answer the court's questions, contending he would not respond until the court proved its jurisdiction.

On March 19, 2014, Martin moved for "default judgment," contending his case should be dismissed because the court has not proven its jurisdiction.  Doc. 31.

On April 1, 2014, Judge England held another hearing in this matter to address Martin's motion to proceed *pro se.*

Finally, on April 4, 2014, Martin filed a motion to dismiss based on his contention that this court has failed to prove its jurisdiction.  *See* doc. 37.

## II. Discussion

The court turns its attention now to Martin's contention that it does not have jurisdiction over him, that he is entitled to a default judgment, and that the court should dismiss the indictment.  The court addresses these contentions separately below.

A.    Jurisdiction

The United States Constitution provides that "[t]he Trial of all Crimes . . . shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed . . . ."  U.S. CONST. art. III, § 2, cl. 3.  Consistent with the

Constitution, Congress has provided that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  18 U.S.C. § 3231; *see also Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000); *McCoy v. United States*, 266 F.3d 1245, 1252 n.11 (11th Cir. 2001).   Here, the indictment outlines a specific basis for this court's jurisdiction, i.e.  one count of possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1), which is "an offense against the laws of the United States." *See* doc. 1.  Additionally, the criminal conduct is alleged to have occurred in Cullman County, Alabama, which is within the Northeastern Division of this court.   Put simply, where, as here, Martin is alleged to have committed "an offense against the laws of the United States" here in the Northern District of Alabama, this court has jurisdiction over Martin and this case.  Therefore, Martin's motion is due to be denied.

In his motion for this court to prove jurisdiction, Martin also seeks production of the grand jury minutes, the original indictment, and the oath or affirmation of the grand jury in his case.  (Doc. 25 at ¶¶ 11-12).  However, Martin is only entitled to this material if he shows a "particularized need" for them.  *United Kingdom v. United States*, 238 F.3d 1312, 1320 (11th Cir. 2001) (quoting *United States v. Cole*, 755 F.3d 748, 758-59 (11th Cir. 1985)).  Martin has made no such showing to entitle him to

4

access the requested material. Accordingly, Martin's requests for this material is also due to be denied.

Likewise, Martin's requests that the court prove (1) ownership of the territory on which the offenses were committed, (2) the defendant "lives or is a resident of United States Property," (3) "worked for the United States Government," (4) the defendant is a "citizen, subject, or slave of the United States", (5) the defendant "knowingly, willingly, and intentionally contracted with the United States," (6) the defendant gave his consent to be governed by a foreign state," (7) telephone conversations constitute commerce, (8) the United States has general jurisdiction over the "Alabama republic," and (9) all the federal actors are properly appointed or commissioned, doc. 25 at ¶¶ 1, 3-7, 9-10, 13, are without merit and due to be summarily denied.

Finally, to the extent Martin's motions seek to have this court vacate his detention order, the motions are denied. Martin is in the custody of the United States Marshal on a writ of habeas corpus ad prosequendum, as he is presently serving a state sentence.

B.   <u>Default Judgment</u>

The motion for default judgment, doc. 31, which is premised also on the court's alleged failure to have jurisdiction over Martin, is similarly due to be denied for the

same reasons discussed above.   Moreover, default judgment is a procedural mechanism in civil cases that is not available in criminal cases.   To the extent that Martin believes that the Government cannot prove its case against him, Martin can make his case for an acquittal at trial.   Accordingly, the motion for default judgment is due to be denied.

      C.    <u>Motion to Dismiss</u>

The motion to dismiss, which is premised on this court's alleged failure to prove its jurisdiction and its purported "admi[ssion] on the record, that it does not have jurisdiction to hear this case," doc. 37 at 3, is also due to be denied.   While Martin may disagree with the Government's case and is entitled to challenge it at trial, the indictment states plainly that Martin has purportedly committed a crime against the United States, i.e. possessing a firearm after being convicted of a felony, here in the Northern District of Alabama. *See* doc. 1.   At this juncture, an indictment is all the Government needs to go forward with its case against Martin.

## III. Conclusion

Premised on the foregoing, Martin's motions to prove jurisdiction,  doc. 25, for a default judgment, doc. 31, and to dismiss, doc. 37, are **DENIED**.

DONE this the 7th day of April 2014.


**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE